HEARD NOV. TERM, 1871.

## PARKER *vs.* WILSON.

At the trial of an action on a bond payable in " dollars good and lawful money " of the State, dated in February, 1864, and given for the price of land, though it is competent to prove the value of the land for the purpose of showing that the parties contracted with reference to Confederate currency, yet it is error for the Court to instruct the jury that it is competent for them to adopt the value as proved as the measure of their finding. In the absence of evidence, showing the value of Confederate currency in lawful money at the time of the contract, it was the duty of the jury to reduce the amount mentioned in the bond, according to the rule prescribed by the Act "to determine the value of contracts made in Confederate States notes or their equivalent."

BEFORE ORR, J., AT ABBEVILLE, MARCH TERM, 1871.

Debt on bond, in the penalty of $24,400, "good and lawful money of the said State," dated February 1st, 1864, and conditioned for the payment of $12,200, in two equal installments, with interest from date.

It was admitted that the bond was given for the price of two tracts of land sold by the plaintiff, as Commissioner in Equity—one containing 422 acres, sold at $9,000, and the other 160 acres, sold at $3,200. The plaintiff then called witnesses to prove the value of the land at the time of the sale. This evidence was objected to, but the objection was overruled and the defendant excepted. The witnesses testified that the land was worth $7 per acre, in good money, at the time of the sale.

The presiding Judge charged the jury that they had a right to inquire into the real and true value of the land, for the purchase of which the said bond was given, or they might adopt the rule of the statute as laid down in the Act of the General Assembly, entitled " An Act to determine the value of contracts made in Confederate States notes or their equivalent," ratified the 26th day of March, 1869, as to them might seem proper and right.

To this instruction the plaintiff excepted.

The jury found for the plaintiff $4,205.20.

The defendant appealed.

*Perrin, Corbin,* for appellant.

*McGowan,* contra.

March 20, 1872. The opinion of the Court was delivered by

WRIGHT, A. J. This action was brought on a bond for the sum

of twenty-four thousand four hundred dollars, for lands purchased in the year 1864. Though the bond was given in 1864, there is nothing on the face of it that indicates that it was given with reference to " Confederate States notes or their equivalent."

The plaintiff introduced testimony to show the value of the land at the time the bond was given. This was objected to by defendant ; the Court overruled the objection, and such ruling is made the ground of exception by the appellant.

With a view to arrive at the true consideration of contracts made during the years 1861, 1862, 1863, 1864 and 1865, it is not error to allow the introduction of testimony to show the value of the land at the time the contract was made.

Where there is no dispute as to whether the contract was made with reference to " Confederate States notes or their equivalent," but that is acknowledged by both parties, or appears upon the face of the contract, or it is ascertained by the jury that such contract was made with reference to such "notes or their equivalent;" and in the absence of any evidence to show the value of the obligation in lawful money of the United States, then it is the duty of the jury, as a rule of evidence, to determine the value according to the Act of the General Assembly, approved March 26th, 1869, entitled " An Act to determine the value of contracts made in Confederate States notes or their equivalent;" but until the fact is ascertained that such contract is made with reference to " Confederate States notes or their equivalent," the jury has no right to apply the rule of the statute to any contract.

There is error in that portion of the charge of the Judge to the jury where they were instructed that " they had a right to inquire into the real value of the land for the purchase of which the said bond was given, or they might adopt the rule of the statute as laid down in the Act of the General Assembly of March 26th, 1869."

The rule has been fully settled in the cases of *Neely* vs. *McFadden*, 2 S. C., 169, *Harmon* vs. *Wallace*, 2 S. C., 208, and *McKeegan* vs. *McSwiney*, 2 S. C., 191.

The motion is granted, and a new trial ordered.

*Willard*, A. J., concurred.
*Moses*, C. J., absent at the hearing.